**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**MOSHE BENNETTO DIAMENTA,**

                    **Plaintiff,**                                **MEMORANDUM**
                                                                   **AND ORDER**

                    **-against-**                                 **22-CV-163 (RPK)**

**NARRAGANSETT BAY INSURANCE**
**COMPANY,**

                    **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

By Order dated June 27, 2022, this Court scheduled a hearing to be held on July 13, 2022, in connection with plaintiff's counsel's motion to withdraw. See Order (June 27, 2022). The Court warned plaintiff that if he failed to appear for the July 13th hearing, this Court would grant his counsel's motion to withdraw and would recommend that the District Court dismiss plaintiff's complaint with prejudice for lack of prosecution and violating judicial orders. See id. Plaintiff's counsel sent the June 27th order to plaintiff by email. See [Sealed] Emails between plaintiff and outgoing counsel (filed on July 13, 2022), DE #17.

Despite receiving actual notice of the July 13, 2022 hearing, plaintiff failed to appear as directed. See Minute Entry (July 13, 2022), DE #16. Accordingly, the Court granted counsel's motion to withdraw and permitted plaintiff "one final opportunity to demonstrate that he wishes to pursue his claims and is prepared to fully comply with his obligations as a party and to obey court orders." Id. The Court directed plaintiff, by July 25, 2022, to serve a copy of his discovery responses and materials on defendant's counsel and to file a letter with

the Court confirming that he had done so and providing the Court with accurate contact information.  Id.  The Court sent the minute entry for the July 13th hearing to plaintiff by regular mail and email.

In a letter filed on July 25, 2022, *pro se* plaintiff Diamenta provides the Court with his contact information and requests that the July 13th motion hearing be rescheduled.  See Notice of Motion to reschedule hearing (July 25, 2022), DE #20.  Plaintiff explains that he "had not received said Hearing from any attorney which was supposed to be on July 13-22."  Id.  The Court denies plaintiff's request to reschedule the July 13th hearing and reaffirms its order granting plaintiff's counsel's motion to withdraw.  Simply put, plaintiff's suggestion that he did not receive notice of the July 13 hearing is belied by the record, as plaintiff's former counsel provided the Court with proof that he sent the scheduling order to plaintiff by email.  See DE #17 at ECF pp. 1-2.

Moreover, plaintiff's July 25th letter ignores his failure to comply with the Court's directive that, by July 25, 2022, he serve a copy of his long overdue discovery responses and materials on defendant's counsel and file a letter with the Court confirming his compliance with that order.  In a letter filed today, counsel for defendant complains that he has not received the outstanding discovery from plaintiff or otherwise had any contact with him.  See Letter to Court re Plaintiff's failure to exchange discovery as directed (July 26, 2022), DE #19.  In a submission that should have been docketed as an ECF motion event, defendant requests that the Court dismiss the action based on plaintiff's failure to comply with the Court's discovery orders and to prosecute the action.  See id.

The Court declines at this point to recommend dismissing this case for plaintiff's failure

2

to prosecute. Dismissal for failure to prosecute is "a harsh remedy to be utilized only in extreme situations." See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). In deciding whether to dismiss an action for a plaintiff's failure to prosecute, a court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." U.S. *ex rel.* Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). While several of the factors weigh in favor of dismissal, defendant has identified no prejudice that would result from allowing this action to proceed; the Court is prepared to cure any arguable prejudice by reopening fact discovery (which closed on June 30, 2022) for the limited purpose of allowing defendant to conduct the discovery that plaintiff has thwarted.

Accordingly, plaintiff is given yet another opportunity to demonstrate that he wishes to pursue his claims and is prepared to fully comply with his obligations as a party and to obey court orders. The Court will tolerate no further violations on his part. By August 5, 2022, plaintiff must serve a copy of his discovery responses and materials on defendant's counsel and must serve and file a letter confirming that he has done so. Plaintiff is warned that the Court's patience is wearing thin and that, should he fail to timely and fully comply this this Order and cure his discovery violations, this Court will issue a Report and Recommendation that his

3

complaint be dismissed with prejudice and that he be sanctioned for repeatedly flouting judicial orders.

    **SO ORDERED.**

**Dated: Brooklyn, New York**
       **July 26, 2022**

                                  /s/    *Roanne L. Mann*
                                  **ROANNE L. MANN**
                                  **UNITED STATES MAGISTRATE JUDGE**