UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                      :

MOSHE BENNETTO DIAMENTA,        :      **REPORT AND**
                                      :      **RECOMMENDATION**
                   Plaintiff,   :
                                      :      1:22-CV-163 (RPK)(PK)
       -against-         :

NARRAGANSETT BAY INSURANCE CO.,   :

                  Defendant.  :
------------------------------------------------------------- X

**Peggy Kuo, United States Magistrate Judge:**

Moshe Diamenta ("Plaintiff") brought this action against Narragansett Bay Insurance Company ("Defendant") alleging breach of his homeowner's insurance policy. ("Compl.," Ex. A to Notice of Removal, Dkt. 1.) Before the Court is Defendant's renewed motion for sanctions ("Renewed Motion," Dkt. 78) seeking dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37. The Honorable Rachel P. Kovner has referred the Renewed Motion to me for a Report and Recommendation. For the reasons stated below, I respectfully recommend that the Motion be granted and that the Complaint be dismissed with prejudice.

## BACKGROUND

Plaintiff filed this action in New York State Supreme Court on December 6, 2021, alleging that Defendant refused to pay him under his insurance policy for property damage resulting from a fire. (Compl. ¶¶ 5–10.) The action was removed to this Court on January 11, 2022 and referred to Magistrate Judge Roanne L. Mann for pretrial case management. (Dkt. 1.) Defendant's renewed motion seeks sanctions based on Plaintiff's failure—throughout this litigation and despite multiple

1

warnings of potential consequences—to cooperatively engage in discovery, comply with explicit court orders, and appear in court and for deposition.

Plaintiff was initially represented by counsel, but on May 31, 2022, counsel requested that he be permitted to withdraw his representation. (Dkt. 12.) In connection with that request, the Court issued an order stating:

> Plaintiff is warned that if he persists in failing to cooperate with his attorney and failing to produce discovery materials, not only is his attorney's motion to withdraw likely to be granted, but **his complaint may thereafter be stricken as a sanction for violating his discovery obligations.**

(June 1, 2022 Order (emphasis added).) The Court set a deadline of June 17, 2022 for Plaintiff to respond to his attorney's motion to withdraw. (*Id.*) Plaintiff failed to respond. The Court then scheduled a hearing for July 13, 2022, stating:

> Plaintiff is warned that, in the event he does not timely appear for the July 13th hearing, and given his failure to cooperate with his counsel and/or to satisfy his discovery obligations, coupled with his flouting of the Court's Order of June 1, 2022, this Court will grant plaintiff's counsel's motion to withdraw and **will recommend that the District Court dismiss plaintiff's complaint with prejudice for lack of prosecution and violating judicial orders**.

(June 27, 2022 Order (emphasis added).) Plaintiff did not appear for the July 13, 2022 hearing, and the Court granted his counsel's motion to withdraw, issuing an order which stated:

> [U]nder these circumstances, the Court would be amply warranted in dismissing plaintiff's claims for violating court orders and for lack of prosecution. Nevertheless, the Court will give plaintiff **one final opportunity** to demonstrate that he wishes to pursue his claims and is prepared to fully comply with his obligations as a party and to obey court orders. By July 25, 2022, plaintiff must serve a copy of his discovery responses and materials on defendant's counsel and must serve and file a letter confirming that he has done so and providing the Court with accurate contact information, including his actual residence and phone numbers at which he can be reached. Plaintiff's failure to timely and fully comply with this latest order which would then be **his third violation of a directive of this Court** will likely result in his case being dismissed with prejudice.

(July 13, 2022 Order (emphasis added).) Plaintiff, proceeding *pro se*, failed to serve the ordered discovery on Defendant's counsel by July 25, 2022, and instead on that date filed a request to

2

reschedule the already-past July 13, 2022 hearing. (Dkt. 20.) On July 26, 2022, Defendant moved to dismiss the action based on Plaintiff's failure to comply with the Court's discovery orders and prosecute the action. (Dkt. 19.) The Court declined to dismiss the action at that time, finding that "[w]hile several factors weigh in favor of dismissal, defendant has identified no prejudice that would result in allowing this action to proceed…" (July 26, 2022 Memorandum and Order, Dkt. 21.) Thus, the Court reopened fact discovery to cure any arguable prejudice and ordered a deadline of August 5, 2022 for Plaintiff to provide his discovery responses. (*Id.*) In giving Plaintiff "yet another opportunity" to comply with his obligations as a party to litigation, the Court warned:

> The Court will tolerate no further violations on his part…Plaintiff is warned that the Court's patience is wearing thin and that, should he fail to timely and fully comply [with] this Order and cure discovery violations, **this Court will issue a Report and Recommendation that his complaint be dismissed with prejudice and that he be sanctioned for repeatedly flouting judicial orders**.

(*Id.* (emphasis added).)

Plaintiff thereafter requested another extension. (Dkt. 23.) In granting that request, the Court stated:

> This is plaintiff's **final opportunity** to comply with his discovery obligations; should he fail to timely comply with this Order, **this Court will recommend that his complaint be dismissed with prejudice.** Plaintiff is directed to appear for his deposition by September 16, 2022.

(Aug. 4, 2022 Order (emphasis added).)

On September 12, 2022, the Court repeated its order that Plaintiff appear for his deposition, stating, "Plaintiff is directed, on pain of sanctions, to appear in person for his deposition at the appointed time and place." (Sept. 12, 2022 Order.) Plaintiff failed to appear for his deposition, which was scheduled for September 15, 2022.

The Court issued an order on September 29, 2022 stating:

> While the Court would be warranted in recommending dismissal of plaintiff's claims for violating the Court's orders, defendant's motion to dismiss and for sanctions is

3

> denied without prejudice. The Court will give plaintiff **one final opportunity** to demonstrate that he wishes to pursue his claims and is prepared to fully comply with his obligations as a party and to obey court orders. Plaintiff must appear for his in-person deposition on October 12, 2022 at 10:00 a.m., at 16 Court Street, Suite 907, Brooklyn, NY. Plaintiff's failure to timely and fully comply with this latest order will result in a recommendation that his case be dismissed with prejudice.

(Sept. 29, 2022 Order.)

Plaintiff appeared for his deposition on October 12, 2022, and the parties proceeded with discovery.

After a dispute arose regarding third party discovery regarding Plaintiff's account with Google, the Court ordered Plaintiff to comply with discovery, stating:

> The Court will not allow the discovery process to be thwarted by plaintiff … The Court warns plaintiff Diamenta that, if he fails to strictly comply with this Order by December 13, 2022, **he will be afforded no further leniency** in connection with defendant's motions for sanctions.

(Dec. 12, 2022 Order.) Plaintiff missed this deadline, and the Court issued an order on December 13, 2022:

> The Court will give plaintiff **one final opportunity** to comply with this Court's orders. Plaintiff must appear in-person on December 14, 2022 at 1:30 p.m., in the lobby of the U.S. Courthouse at 225 Cadman Plaza East, Brooklyn, NY 11201, and cooperate with the Court's staff to transmit an email to Google authorizing disclosure of the subject communications. **Plaintiff's failure to timely and fully comply with this latest order will result in a recommendation that his case be dismissed with prejudice**.

(Dec. 13, 2022 Order.) A telephone conference was held, and the Court entered the following:

> The Court has given plaintiff the benefit of the doubt but now concludes that plaintiff is attempting to thwart the Court's order and prevent the disclosure. Plaintiff will be given **one final opportunity** to comply; he is warned that if he fails to send the requisite email and attached Order to Google this evening, with courtesy copies to Chambers and defense counsel, **the Court will rule on defendant's pending motions and impose an appropriate sanction.**

(Dec. 20, 2022 Order.) Plaintiff complied with this order, and the parties proceeded with discovery.

On January 9, 2023, the case was reassigned from Judge Mann to me.

4

Another discovery dispute arose, and the Court scheduled a telephone conference, warning Plaintiff that "Failure to attend the conference may result in sanctions against Plaintiff, including dismissal of this case." (May 18, 2023 Order.) Plaintiff did not appear at that conference.

On May 24, 2023, the Court issued an order requiring Plaintiff to respond to Defendant's discovery demands, stating, "Failure to comply with this order may result in sanctions against Plaintiff, including dismissal of this case." (May 24, 2023 Order.)

Plaintiff did not comply with that order, prompting Defendant again to move for sanctions pursuant to Federal Rule of Civil Procedure 37(b) for failure to comply with a court order and/or Rule 37(d) for failing to respond to Defendant's discovery demands. (June 26, 2023 Motion for Sanctions, Dkt. 70.) Defendant requested dismissal of the Complaint. (*Id.*)

Following a motion hearing on January 29, 2024 at which Plaintiff appeared, the Court denied the June 26, 2023 Motion for Sanctions without prejudice to renew. (Jan. 30, 2024 Order.) In its order, the Court stated:

> The Court explained Plaintiff's discovery obligations to Plaintiff and warned him that he must fulfill those obligations in order to continue with this lawsuit. The Court also informed Plaintiff that **failure to comply with Court orders and discovery requirements may result in sanctions for failure to prosecute, including dismissal of the case.**

(*Id.* (emphasis added).)

On February 12, 2024, Defendant filed another motion for sanctions based on Plaintiff's failure to provide the required discovery. (Dkt. 73.) The Court held a hearing and entered an order on February 16, 2024 requiring Plaintiff to comply with his discovery obligations, provide documents, and respond to interrogatories. (Feb. 16, 2024 Order.) The Court also granted Defendant leave to resume its deposition of Plaintiff and directed Defendant to file the notice of continued deposition on the docket for the Court to so-order. (*Id.*) During the conference,

5

> Plaintiff inquired as to any "consequences" that may arise if he does not comply with his discovery obligations. The Court informed him that sanctions could include his being forbidden from presenting certain evidence at trial or summary judgment. The Court also indicated that the case could be dismissed. Finally, the Court stated that Plaintiff could be found to be in contempt of court.

(*Id.*)  The Court further noted that Plaintiff could face monetary sanctions if he persists in not complying with his discovery obligations.  (*Id.*)  Having ensured that Plaintiff understood his obligations and the possible consequences of him failing to comply, the Court denied Defendant's February 12, 2024 motion for sanctions without prejudice to renew.  (*Id.*)

On February 20, 2024, the Court so-ordered the notice of deposition filed by Defendant, ordered Plaintiff to appear for deposition on March 22, 2024, and ordered Plaintiff to bring his government-issued identification to that deposition.[1]  (Dkt. 76.)

On March 18, 2024, Plaintiff emailed defense counsel that, due to a "health issue…I will not be able to show up at the deposition on 3/22/24." (Dkt. 77-1 at 1.)  Plaintiff's stated health issue was that he needed to urinate frequently and unexpectedly.  (*Id.*)

On March 21, 2024, upon review of Plaintiff's email, the Court ordered Plaintiff to attend his deposition on March 22, 2024, stating, "The Court notes that the medical issue described by Plaintiff is not an acceptable excuse for not attending the deposition. Plaintiff must attend the deposition…Plaintiff is not permitted to not attend the deposition. If Plaintiff fails to appear for the deposition, he will be in violation of a Court order." (Mar. 21, 2024 Order.)  The order further stated:

> Plaintiff is reminded that failure to comply with the Court's Order may result in sanctions which include that: 1) Plaintiff will be forbidden from presenting certain

---

[1] In the course of discovery, Plaintiff previously provided Defendant with two different New York State driver's licenses indicating different names for Plaintiff, *i.e.*, Moshe Bennetto and Moshe Piamenta. (*See* April 13, 2023 Minute Entry.)  The Court directed Plaintiff to "provide Defendant's counsel with proof that his name is 'Moshe Bennetto Diamenta' [or] with information regarding what steps he is taking to have his name verified and corrected on his identification documents." (*Id.*)  Plaintiff did not do so. (*See* January 29, 2024 Hearing Transcript 15:15–17:13, Dkt. 80.)  Defendant therefore requested that the Court "direct the plaintiff when he appears for his [continued] deposition to please bring his current photo ID … [b]ecause he did not bring anything at the last deposition." (*See* February 15, 2024 Hearing Transcript 17:5–14, Dkt. 81.)

6

> evidence at trial or summary judgment; 2) **the case will be dismissed**; 3) Plaintiff will be found in contempt of court; and 4) Plaintiff will face monetary sanctions.

(*Id.* (emphasis added).)

Plaintiff failed to appear for his deposition on March 22, 2024. Defendant renewed its motion for sanctions on March 22, 2024. (Renewed Motion.)

The Court issued an Order to Show Cause on March 25, 2024, ordering Plaintiff to show cause as to why the matter should not be dismissed for failure to comply with multiple court orders, warning:

> If Plaintiff does not respond, or does not present good cause for these failures, **I will recommend that this matter be dismissed for lack of prosecution.**

(Mar. 25, 2024 Order to Show Cause.) Defendant emailed a copy of the Order to Show Cause to Plaintiff, stating, "Please see Judge Kuo's below order and respond to it accordingly." (Dkt. 79-1.) On March 25, 2024, Plaintiff responded to Defendant's email, "Will do." (*Id.*) However, he never responded to the Order to Show Cause.

## DISCUSSION

The Court has wide discretion to order sanctions under Rule 37. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). A court must consider the following factors in determining whether to dismiss an action under Federal Rule of Civil Procedure 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012)(citation omitted). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994). "Courts have repeatedly found that dismissal of an action is warranted when a

7

litigant . . . fails to comply with legitimate Court directives." *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG) (MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016) (citation omitted); *see also Baba v. Japan Travel Bureau Intern., Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (dismissal is justified where a party displays "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders … would result in the dismissal of [the] action.")

Defendant first requested that the Court impose sanctions on July 26, 2022. At that time, the Court declined to dismiss the action. (July 26, 2022 Memorandum and Order.) In the 22 months since then, the Court has issued numerous additional orders to address Plaintiff's refusal to comply with his discovery obligations and prosecute this litigation, including his failure to appear at his Court-ordered deposition on September 15, 2022, at a status conference on May 24, 2023, and at a Court-ordered continuation of his deposition on March 22, 2024.

Plaintiff has been afforded numerous opportunities over the course of nearly two years to comply with the Court's orders and engage in discovery so this matter may progress. Despite repeated warnings from the Court, he has repeatedly flouted explicit Court orders without providing adequate explanations. I, therefore, find that his noncompliance was willful. Plaintiff asked what "consequences" would arise if he did not comply with his discovery obligations and was explicitly told that the case could be dismissed. (February 15, 2024 Order.) Given one final opportunity to show cause why the case should not be dismissed, Plaintiff failed to do so. Thus, I conclude that no sanction short of dismissal would be effective now.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Renewed Motion be granted and that the Complaint be dismissed with prejudice. Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b).  Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

*Peggy Kuo*
_____
PEGGY KUO
United States Magistrate Judge

Dated:  Brooklyn, New York
            July 22, 2024

9